## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 8:22-868** |
| **v.** | **COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF** |
| **LITHIONICS BATTERY, LLC, a limited liability company; and** | |
| **STEVEN TARTAGLIA, individually and as an officer of LITHIONICS BATTERY, LLC,** | |
| **Defendants.** | |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 16(a)(1) of the FTC Act, 15 U.S.C. § 56(a)(1), for its Complaint alleges:

1.  Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b, and Section 323.4 of the Made in USA Labeling Rule (the "MUSA Labeling Rule"), 16 C.F.R. § 323.4, which authorize the Plaintiff to seek, and the Court to order, permanent injunctive relief, civil penalties, and other relief for the acts and practices of

1

Defendants Lithionics Battery, LLC and Steven Tartaglia in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the MUSA Labeling Rule, 16 C.F.R. Part 323, in connection with the labeling and advertising of certain battery systems containing significant imported content as "Made in USA."

## Jurisdiction, Venue, and Division Assignment

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1-2), (c)(1-2), and (d), 1395(a), and 15 U.S.C. § 53(b).

4. Divisional assignment to the Tampa Division is proper under Local Rule 1.04(a)–(b).

## Plaintiff

5. Plaintiff, the United States of America, brings this action under Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b, and Section 323.4 of the MUSA Labeling Rule, 16 C.F.R. § 323.4.

## Defendants

6. Defendant Lithionics Battery, LLC ("Lithionics") is a Florida limited liability company with its principal place of business at 1770 Calumet

2

Street, Clearwater, Florida 33765.  Lithionics transacts or has transacted business in this District and throughout the United States.  At all times relevant to this Complaint, acting alone or in concert with others, Lithionics has advertised, marketed, distributed, or sold battery, battery module, and battery management system products to consumers throughout the United States.

7.      Defendant Steven Tartaglia ("Tartaglia") is the founder, owner, and General Manager of Lithionics.  At all times relevant to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Lithionics, including the acts and practices set forth in this Complaint. Defendant Tartaglia resides in this District and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

## Commerce

8.      At all times relevant to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## Defendants' Business Activities

9.      For more than 20 years, Defendants have advertised, offered for sale, and distributed battery, battery module, and battery management systems.

10.      From at least 2018 until at least August 30, 2021, Defendants labeled their products with the following image, which consists of the statement "Made in U.S.A" surrounding a USA flag (the "MUSA Label").



11.      In some instances, the MUSA Labels appeared on product packaging immediately adjacent to the statement, "Proudly Designed and Built in USA."

12.      In numerous instances, Defendants featured photographs of products with the MUSA Label and other "Made in USA" claims on labels on product description pages on the lithionicsbattery.com website. *See* Exhibit A, (lithionicsbattery.com product listings).

13.      In addition to specific product pages, depictions of the MUSA Label also appeared in Lithionics' general company advertising, sometimes paired with "Made in USA" narrative claims.  For example, consumers who clicked on

4

the "Made in USA" link on Defendants' website, lithionicsbattery.com, were informed that Defendants' "battery systems are engineered and manufactured in [their] Clearwater, FL USA factory." *See* Exhibit B (lithionicsbattery.com).

14. Defendants' MUSA Labels also appeared on their social media platforms. For example, Defendants published YouTube videos depicting company employees, including Defendant Tartaglia, printing "Made in U.S.A." labels in the Lithionics facility and placing them on Lithionics products. *See* Exhibit C (composites from Lithionics YouTube page).

15. In addition to the MUSA Label and other express "Made in USA" claims on Lithionics marketing materials, Lithionics published a chart in its marketing materials juxtaposing Lithionics products with "imports," highlighting the "advantage[s]" of Lithionics' battery systems over imported competing products. *See* Exhibit D.

16. In numerous instances, including, but not limited to, the promotional materials referenced in Paragraphs 10-15, Defendants have represented, expressly or by implication, that their battery, battery module, and battery management system products are all or virtually all made in the United States.

17.    In fact, all Lithionics battery and battery module products incorporate imported lithium ion cells, and Lithionics battery management systems incorporate significant other imported components.

18.    Therefore, Lithionics' express or implied representations that its products are all or virtually all made in the United States are false and/or unsubstantiated.

## Tartaglia's Knowledge

19.    At all times relevant to this Complaint, Defendant Tartaglia had sole responsibility for creating, developing, approving, implementing, overseeing, and ensuring compliance with Lithionics' company policies and procedures.

20.    At all times relevant to this Complaint, Defendant Tartaglia had sole responsibility for, and control and decision-making authority over, Lithionics' product marketing and labeling, including Lithionics' U.S.-origin claims.

21.    At all times relevant to this Complaint, Defendant Tartaglia was aware that Lithionics products incorporated significant imported content. Indeed, as recently as April 2021, importation documents listed Defendant Tartaglia as the consignee and point of contact to receive Lithionics' shipments of lithium energy storage batteries arriving from Hong Kong.

6

22.  Despite knowing Lithionics products incorporated significant imported components, the videos posted to Defendants' YouTube page referenced in Paragraph 14 feature footage of Defendant Tartaglia describing how Lithionics prints "Made in U.S.A." labels and applies them to Lithionics products.

## Violations of the MUSA Labeling Rule

23.  Effective August 13, 2021, the MUSA Labeling Rule, 16 C.F.R. Part 323, prohibits marketers from labeling products as "Made in USA" unless: (1) "the final assembly or processing of the product occurs in the United States"; (2) "all significant processing that goes into the product occurs in the United States"; and (3) "all or virtually all ingredients or components of the product are made and sourced in the United States."  16 C.F.R. § 323.2.

24.  The MUSA Labeling Rule also provides that to the extent any mail order catalog or mail order promotional material includes a seal, mark, tag, or stamp labeling a product "Made in USA," such label must comply with the requirements of 16 C.F.R. § 323.2.  16 C.F.R. § 323.3.

25.  For purposes of the MUSA Labeling Rule, "Made in USA" is defined as "any unqualified representation, express or implied, that a product or service, or a specified component thereof, is of U.S. origin, including, but not limited to, a representation that such product or service is 'made,'

'manufactured,' 'built,' 'produced,' 'created,' or 'crafted' in the United States or in America, or any other unqualified U.S.-origin claim." 16 C.F.R. § 323.1.

26.     A violation of the MUSA Labeling Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). 15 U.S.C. § 57a(d)(3) and 16 C.F.R. § 323.4.

### Count I:  MUSA Labeling Rule Violations

27.     Between August 13, 2021, and August 30, 2021 (the "Violation Period"), Defendants placed "Made in U.S.A." labels on products containing significant imported components.

28.     During the Violation Period, some of Defendants' product labels also included claims that products were "Built in U.S.A."

29.     Also during the Violation Period, Defendants included images of the labels affixed on products described in Paragraphs 27-28 in promotional materials, including the lithionicsbattery.com website and Lithionics' social media accounts.

30.     Defendants applied the labels described in Paragraphs 27-29 to products containing ingredients or components that were not "all or virtually all . . . made and sourced in the United States." *See* 16 C.F.R. § 323.2.

31.     Defendants' practices as alleged in Paragraphs 27-30 violate the MUSA Labeling Rule, 16 C.F.R. §§ 323.2, 323.3, and therefore are unfair or

deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

32.    Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of up to $46,517 for each violation of the MUSA Labeling Rule.  Defendants violated the MUSA Labeling Rule with "actual knowledge or knowledge fairly implied on the basis of objective circumstances that [their acts] [were] unfair or deceptive and [were] prohibited" by the MUSA Labeling Rule.  15 U.S.C. § 45(m)(1)(A).

## Additional Violations of the FTC Act

33.    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

34.    Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## Count II:  Section 5 Violation

35.    In numerous instances since 2018, in connection with the advertising, marketing, promotion, offering for sale, or sale of goods—namely, batteries, battery modules, and battery management systems—Defendants

9

have represented, directly or indirectly, expressly or by implication, that their goods are all or virtually all made in the United States.

36.    In truth and in fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 35, Defendants' goods were not all or virtually all made in the United States because they included significant imported components.

37.    The fact that Defendants' goods were not all or virtually all made in the United States would be material to users when deciding whether to purchase batteries, battery modules, and battery management systems.

38.    Therefore, Defendants' representations as set forth in Paragraph 35 are false, misleading, and/or were not substantiated at the time the representations were made, and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **Ongoing Conduct**

39.    Based on the facts and violations of law alleged in this Complaint, Plaintiff has reason to believe that Defendants are violating or are about to violate laws enforced by the Commission because, among other things, Defendants engaged in their unlawful acts and practices repeatedly over a period of at least three years, and Defendants only ceased their unlawful activities after learning of the FTC's investigation into their unlawful conduct.

## **Consumer Injury**

40.    Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the MUSA Labeling Rule and FTC Act.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## **Prayer for Relief**

Wherefore, Plaintiff requests that the Court:

A. Enter judgment against Defendants in favor of Plaintiff for each violation alleged in this Complaint;

B. Enter a permanent injunction to prevent future violations of the MUSA Labeling Rule and FTC Act by Defendants;

C. Award monetary and other relief within the Court's power to grant;

D. Award Plaintiff monetary civil penalties from Defendant for each violation of the MUSA Labeling Rule; and

E. Award any additional relief as the Court determines just and proper.

Dated: April 12, 2022

Respectfully Submitted,

*Of Counsel:*

FOR THE UNITED STATES:

JAMES A. KOHM
Associate Director
Division of Enforcement

BRIAN BOYNTON
Principal Deputy Assistant
Attorney General
Civil Division

LAURA KOSS
Assistant Director
Division of Enforcement

ARUN G. RAO
Deputy Assistant Attorney General

JULIA SOLOMON ENSOR
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Stop CC-9528
Washington, D.C. 20580
Tel.:  202-326-2377
Fax:  202-326-3197
jensor@ftc.gov

GUSTAV W. EYLER
Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director

 */s/ Deborah S. Sohn*
DEBORAH S. SOHN
ZACHARY L. COWAN
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, N.W., Suite 6400-S
Washington, DC 20002
Phone: (202) 305-9983
Fax: (202) 514-8742
Deborah.S.Sohn@usdoj.gov
Zachary.L.Cowan@usdoj.gov

ROGER B. HANDBERG
United States Attorney
Middle District of Florida

LACY R. HARWELL, JR.
(Florida Bar No. 714623)
Assistant United States Attorney
Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Phone: (813) 301-3008
Fax: (813) 274-6358
RHarwell@usa.doj.gov