UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No: 8:22-cv-0868-KKM-AEP

LITHIONICS BATTERY, LLC,
STEVEN TARTAGLIA, individually and
as an officer of LITHIONICS BATTERY, LLC,

    Defendants.
_____

## ORDER

Plaintiff, the United States of America, and Defendants Lithionics Battery, LLC, and Steven Tartaglia, jointly move for and stipulate to entry of their proposed Revised Stipulated Order for Permanent Injunction and Civil Penalty Judgment. (Doc. 11.) The Court grants their motion and enters the Stipulated Order. The Clerk is directed to enter judgment for the United States in accordance with the following.

I.    FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 and 16

C.F.R. Part 323, in connection with the labeling and advertising of certain battery systems containing significant imported content as "Made in USA."

3.     Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.     Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.     Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

II.    **DEFINITIONS**

For the purposes of this Order, the following definitions apply:

A.     **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously

in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. On a product label, the disclosure must be presented on the principal display panel.

6. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

7. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

8. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

9. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B. "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

1. "**Corporate Defendant**" means Lithionics Battery, LLC, and its successors and assigns.

2. "**Individual Defendant**" means Steven Tartaglia.

C. "**Made in the United States**" means any representation, express or implied, that a product or service, or a specified component thereof, is of U.S.-origin, including, but not limited to, a representation that such product or service is "made," "manufactured," "built," "produced," or "crafted" in the United States or in America, or any other U.S.-origin claim.

## III. PROHIBITION AGAINST MISREPRESENTATIONS REGARDING U.S.-ORIGIN CLAIMS

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined

from representing or assisting others in representing, expressly or by implication, that a good or service is Made in the United States unless:

A.  The final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States; or

B.  A Clear and Conspicuous qualification appears immediately adjacent to the representation that accurately conveys the extent to which the product contains foreign parts, ingredients or components, and/or processing; or

C.  For a claim that a product is assembled in the United States, the product is last substantially transformed in the United States, the product's principal assembly takes place in the United States, and United States assembly operations are substantial.

IV.  **PROHIBITION AGAINST MISLEADING OR UNSUBSTANTIATED COUNTRY-OF-ORIGIN REPRESENTATIONS**

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from making any representation, expressly or by implication,

regarding the country of origin of any product or service unless the representation is non-misleading, including that, at the time such representation is made, Defendants possess and rely upon a reasonable basis for the representation.

V. MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $105,319.56 is entered in favor of Plaintiff against the Individual Defendant and the Corporate Defendant, jointly and severally, as a civil penalty.

B. Defendants are ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, $105,319.56, which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

VI. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.     Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D.     Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.     The Commission or Plaintiff may request any tax-related information, including amended tax returns and any other filings, that Defendants have the authority to release. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendants must take all necessary steps (such as filing a completed IRS Form 4506 or 8821) to cause the Internal Revenue Service or other tax authority to provide the information directly to the Commission or Plaintiff.

VII.   **NOTICE TO CUSTOMERS**

IT IS FURTHER ORDERED that Defendants must notify customers as follows:

A.     Defendants must identify all consumers who purchased any Lithionics product between August 13, 2021, and August 30, 2021 ("Affected Customers").

       1.       Such Affected Customers, and their contact information, must be identified to the extent such information is in Defendants' possession, custody, or control;

       2.       Affected Customers include those identified at any time, including after Defendants' execution of the Agreement through the eligibility period, which runs for 1 year after the date the Order was entered.

B.       Defendants must notify all identified Affected Customers by emailing each a notice in the form shown in Attachment A. The email containing the notice may contain a copy of this Order, but no other document or enclosures.

C.       Defendants must notify all Affected Customers within 30 days after the date the Order was entered, and any Affected Customers identified thereafter within 30 days of their identification.

D.       Defendants must report on its notification program under penalty of perjury:

       1.       Defendants must submit a report within 60 days of entry of this Order and at the conclusion of the program summarizing its compliance to date.

       2.       If a representative of the Plaintiff or Commission requests any information regarding the program, including any of the underlying customer data, Defendants must submit it within 10 days of the request.

       3.       The submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Lithionics Battery, LLC. The submissions required by the Order should not be filed with the Court.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.     Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, Individual Defendant, for any business that such Defendant is the majority owner or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.    COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order

Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, the Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any

11

business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Lithionics Battery, LLC. The submissions required by this Order should not be filed with the Court.

X.  **RECORDKEEPING**

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order and retain each such record for 5 years. Specifically, Corporate Defendant, and Individual Defendant, for any business that such Defendant, individually or collectively with the Corporate Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  Records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  A copy of each unique advertisement, label, or other marketing material that includes any express or implied Made in the United States claim.

XI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69. The submissions required or authorized by this Order should be submitted to the FTC by email to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Lithionics Battery, LLC. The submissions required or authorized by this Order should not be filed with the Court.

B. For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission or Plaintiff to interview any employee or other person affiliated with any

14

Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission and Plaintiff may use all other lawful means, including posing through their representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

        **ORDERED** in Tampa, Florida, on May 4, 2022.

                                                      _____
                                                      Kathryn Kimball Mizelle
                                                      United States District Judge

<div style="text-align:center">

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

</div>

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No: 8:22-cv-0868-KKM-AEP

LITHIONICS BATTERY, LLC,
STEVEN TARTAGLIA, individually and
as an officer of LITHIONICS BATTERY, LLC,

    Defendants.

_____

## ATTACHMENT A: NOTICE TO CUSTOMERS

The notification email must be in the following form, from an authorized Lithionics Battery, LLC email address, and containing a Lithionics Battery, LLC signature line with the sender's full contact information:

Subject: Settlement of FTC Deceptive Advertising and Labeling Case

Dear <u>&lt;Name of customer&gt;</u>:

Our records show that when you bought a product from Lithionics Battery, LLC, we labeled or advertised it as "Made in USA." We're writing to tell you that the Federal Trade Commission, the nation's consumer protection agency, has sued us for deceptive or

false labeling and advertising. According to the FTC, our claim that your product was "Made in USA" was misleading.

To settle the FTC's lawsuit, we're contacting you to tell you that the product you bought was not all or virtually all "Made in USA." In fact, it contains significant imported components including, in the case of battery and battery module products, imported lithium ion cells.

If you have questions about this lawsuit, visit [get short URL]. For more information about "Made in USA" advertising and labeling, visit [get short URL].

                                              Sincerely,

                                              [signature]

                                              [Lithionics Battery, LLC signature block]